**In re Judith GOODING a/k/a Judith Gooding Firestone, Debtor.**

**Bankruptcy No. 99–130–9P1.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Feb. 26, 1999.

Louis X. Amato, Naples, Florida, for debtor Judith Gooding.

Dennis J. LeVine, Tampa, Florida, for Doris M. Firestone.

Sara Kistler, Assistant United States Trustee, Tampa, Florida.

## ORDER ON DORIS M. FIRESTONE'S MOTION TO DISMISS CHAPTER 11 (DOC. # 23)

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 11 case is the Motion to Dismiss filed by Movant, Doris M. Firestone, the former wife of the Debtor's present husband, Alan Firestone. The Movant contends that this Chapter 11 case should be dismissed as a bad faith filing pursuant to 11 U.S.C. § 1112(b). The Court reviewed the Motion and the record, heard argument of counsel and finds as follows:

The Debtor filed her voluntary Petition for relief under Chapter 11 of the Bankruptcy Code on January 6, 1999. A review of the Debtor's Schedules reflect one creditor holding a fully secured claim in the amount of $124,000.00; two priority tax claims in unknown amounts for federal income taxes due for the years 1997 and 1998; and five unsecured creditors holding disputed claims in the aggregate amount of $440,227.35.

The Movant holds a disputed, general unsecured claim against the Debtor in the amount of $400,000.00. Movant was formerly married to the Debtor's present husband, Alan Firestone. Movant and Mr. Firestone were embroiled in a post-dissolution of marriage proceeding styled, *Alan Firestone v. Doris Firestone,* Case No. DR189453, filed in the Court of Common Pleas, Cuyahoga County, Ohio (Ohio Action). Pre-petition, the Debtor had been named as a defendant in the Ohio Action as the alleged recipient of various fraudulent transfers of real estate and other assets from Alan Firestone. The Court of Common Pleas entered various temporary restraining orders precluding the transfer of assets titled in the Debtor's name. Two days prior to the Debtor's court ordered deposition in the Ohio Action, the Debtor filed her Chapter 11 case.

On February 3, 1999, the Debtor filed her Plan of Reorganization, proposing a 100% payment plan on allowed claims. The Disclosure Statement filed on the same date, however, estimates *no allowed* claims.

Movant seeks dismissal of this case "for cause" pursuant to 11 U.S.C. § 1112(b). She contends that this case involves only a two-party dispute between the Debtor and

the Movant and that the Debtor filed this case solely as a litigation tactic to avoid the taking of her deposition, to avoid producing documents which evidence fraudulent transfers, to avoid an inventory of her safety deposit box; and to require the Movant to incur additional expenses and other hardships associated with litigating post-dissolution of marriage matters in the State of Florida instead of Ohio.

On the other hand, the Debtor contends that she is the victim, having been dragged into litigation between Mr. Firestone and Movant. She contends that she herself is in the process of divorcing Mr. Firestone. She contends that she was forced to file bankruptcy because the ex parte restraining orders left her without assets to pay the shortfall in her living expenses.

This is obviously a two-party dispute. Of the five scheduled unsecured claims, three are legal fees incurred by the Debtor in connection with the Ohio Action and for which Mr. Firestone is a codebtor. One is a scheduled credit card debt in the amount of zero. The remaining scheduled unsecured claim is that of the Movant's. The timing of the filing indicates that the filing was merely a litigation strategy. This Court is satisfied that this Chapter 11 case was filed in bad faith and should be dismissed pursuant to 11 U.S.C. § 1112(b). *See In re Moog,* 159 B.R. 357 (Bankr. S.D.Fla.1993) (Chapter 11 case filed by debtor as a litigation tactic to circumvent ex spouse's efforts to enforce New York divorce decree was dismissed as a bad faith filing.); *In re Hatcher,* 218 B.R. 441 (8th Cir. BAP 1998)

Accordingly it is

ORDERED, ADJUDGED AND DECREED that Doris M. Firestone's Motion to Dismiss Chapter 11 Case be, and the same is hereby granted. This Chapter 11 case is hereby dismissed.